## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| ZERITA L. HOLLY-ROSS<br>9 Pine Hill Court<br>Woodstock, Maryland 21163 | ) <br> ) <br> ) <br> ) | |
| ROSS INSURANCE AGENCY, INC.<br>2505 Lord Baltimore Drive, Suite A<br>Winsor Mills, Maryland 21244 | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No.:  22-2868 |
| ERIE INSURANCE EXCHANGE<br>100 Erie Insurance Place<br>Erie, Pennsylvania 16530 | ) <br> ) <br> ) <br> ) | |
| ERIE INSURANCE COMPANY<br>100 Erie Insurance Place<br>Erie, Pennsylvania 16530 | ) <br> ) <br> ) <br> ) | |
| ERIE INSURANCE PROPERTY<br>& CASUALTY COMPANY<br>100 Erie Insurance Place<br>Erie, Pennsylvania 16530 | ) <br> ) <br> ) <br> ) <br> ) | |
| ERIE FAMILY LIFE<br>INSURANCE COMPANY<br>100 Erie Insurance Place<br>Erie, Pennsylvania 16530 | ) <br> ) <br> ) <br> ) <br> ) | |
| FLAGSHIP CITY<br>INSURANCE COMPANY<br>144 East 6th Street<br>Erie, Pennsylvania 16530 | ) <br> ) <br> ) <br> ) <br> ) | |
| KRISTOPHER C. MARRION<br>10770 Judy Lane<br>Columbia, Maryland 21044 | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

1

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs, Zerita L. Holly-Ross and Ross Insurance Agency, Inc. (collectively hereinafter "Plaintiffs"), by and through counsel, Jibril Brown and The Law Office of Garland C. Hall, LLC, files this action for violations of 42 U.S.C. §1983 and Maryland common law claims, and in support of the assertions made herein states the following:

### Introduction

This action is brought to secure the rights of the Plaintiffs to make and enforce contracts, and to enjoy the same security and rights of Caucasian citizens. Plaintiffs are seeking compensatory and punitive damages, to include both, declaratory and injunctive relief. Furthermore, Plaintiffs seek to enforce their rights under the 13th Amendment to the United States Constitution through enforcement of 42 U.S.C. 1981, which creates a private cause of action against those that discriminate on the basis of race, to wit: the making and enforcing of contracts. In this action, the Plaintiffs will demonstrate the Defendants pervasive discrimination against them, and other African Americans similarly situated who are entitled to equal rights under the law.

Plaintiffs began working as insurance producers for Defendants, Erie Insurance Exchange, Erie Insurance Company, Erie Insurance Property & Casualty Company, Erie Family Life Insurance Company (collectively hereinafter "Erie Insurance") in 1998 as the first African American insurance producer for Erie Insurance in the State of Maryland. Despite, having achieved a book of business of nearly four million dollars ($4,000,000.00) and servicing over two thousand six hundred (2,600) insureds with home and automobile insurance in 2020, and receiving various recognitions for her accomplishments in 2003, the Defendants and/or its employees began to treat the Plaintiffs differently because of their race. When the Plaintiffs discovered they were not receiving the same

2

compensation as their Caucasian counterparts they reported grievances to the Maryland Insurance Administration, which at this time are pending.

**Jurisdiction and Venue**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, 1343, and 1367.

2.      Venue is proper under 28 U.S.C. §1391(b)(2), because that actions that give rise to this litigation arose within the sovereignty of the State of Maryland.

**Parties**

3.      Plaintiff, Zerita L. Holly-Ross (hereinafter "Ross"), is an African American woman who resides in Baltimore County, Maryland.

4.      Plaintiff, Ross Insurance Agency, Inc. (hereinafter "Ross Agency"), is an insurance company incorporated under the laws of the State of Maryland and owned by an African American woman.

5.      Defendant, Erie Insurance Exchange, is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania that sells insurance in the State of Maryland.

6.      Defendant, Erie Insurance Company, is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania that sells insurance in the State of Maryland.

7.      Defendant, Erie Insurance Property & Casualty Company, is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania that sells insurance in the State of Maryland.

8.      Defendant, Erie Family Life Insurance Company (Erie defendants hereinafter collectively "Defendants"), is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania that sells insurance in the State of Maryland.

9.      Defendant, Kristopher C. Marrion, is a resident of Howard County, Maryland and employee of Defendants, Erie Insurance.

## Statement of Facts Common to All Counts

10.      Plaintiff, Ross, is an adult African American woman who resides and works in the State of Maryland.

11.      Plaintiff, Ross, is a licensed property and casualty licensee in the State of Maryland and Commonwealth of Pennsylvania.

12.      Plaintiff, Ross Agency, is an African American minority owned corporation.

13.      Plaintiff, Ross Agency's, corporate charter was granted by the Statement of Maryland on June 20, 2011.

14.      Plaintiff, Ross, is the sole and exclusive owner of Plaintiff, Ross Agency.

15.      Plaintiff, Ross Agency's, corporate formation purpose is to provide insurance to all qualifying individuals throughout the State of Maryland and the Commonwealth of Pennsylvania.

16.      Plaintiff, Ross, entered into an agency agreement with Defendants Erie Insurance Exchange, Erie Insurance Company, and Erie Family Life Insurance Company on May 25, 1998.

17.      For the first two (2) years approximately, Plaintiff, Ross, was a special insurance producer.

18.      After completing the two (2) year probationary period, Plaintiff, Ross, obtained the designation, insurance producer.

19.      Plaintiff, Ross, obtained the designation insurance producer in large part due to her profitability as an insurance producer.

20.       Until June 2011, Plaintiff, Ross, was operating as a sole proprietor doing business as Ross Insurance Agency.

21.     On June 20, 2011, Plaintiff, Ross Agency, was incorporated under the laws of the State of Maryland.

22.     In April 2002, the Defendants through its agent(s) and or employee(s) began to interfere and restrict Plaintiff, Ross, from entering into contracts with prospective insureds within the greater Baltimore area, which includes Anne Arundel, Baltimore, and Howard Counties.

23.     Upon information and belief this was accomplished by first screening calls made to the central call center (i.e. Erie Insurance leads portal) and then rerouting those prospective insureds with African American, African,  and/or Hispanic sounding names to Plaintiff, Ross.

24.      Upon information and belief this was accomplished by first screening calls made to the central call center and then rerouting those prospective insureds with European American sounding names from Plaintiff, Ross.

25.     Upon information and belief this was accomplished by first screening on-line leads made through the webpage and then rerouting those prospective insureds with African American, African, and/or Hispanic sounding names to Plaintiff, Ross.

26.     Upon information and belief this was accomplished by first screening on-line leads made through the webpage and then rerouting those prospective insureds with European American sounding names from Plaintiff, Ross.

27.     In April 2003, the Defendants through its agent(s) and or employee(s) reduced Plaintiff, Ross', commissions that were due to her under the then existing contract.

28.     Notwithstanding that calls from prospective insureds with African and Hispanic American sounding names were rerouted to Plaintiff, Ross, when the prospective insureds qualified for underwriting, the Defendants through its agent(s) and or employee(s) would discourage underwriting of said policies.

29.     On several occasions in 2003 through 2021 the Defendants through its agent(s) and or employee(s) would imply that Plaintiffs should limit underwriting in certain communities in the greater Baltimore area.

30.     On several occasions in 2003 through 2021[1] the Defendants through its agent(s) and or employee(s) explicitly stated the Plaintiffs should limit underwriting in certain communities in the greater Baltimore area.

31.     Those communities in the greater Baltimore area were Baltimore City, Maryland.

32.     In April 2003, the Defendants through its agent(s) and or employee(s) without legitimate cause reduced Plaintiff, Rosses', commissions under their contract.

33.     In April 2008, the Defendants through its agent(s) and or employee(s) returned Plaintiff, Ross', commissions to the rate agreed under their contract.

34.     In March 2011, the Defendants through its agent(s) and or employee(s) without legitimate cause reduced Plaintiff, Rosses', commissions under their contract.

35.     Again, in October 2012, the Defendants, through its agent(s) and or employee(s) without legitimate cause reduced Plaintiff, Ross Agency's, commissions due under their contract.

36.     For a fourth time the Defendants through its agent(s) and or employee(s) reduced the monies earned and owed to Plaintiff, Ross Agency, with legitimate cause.

37.     In particular, the Defendants through its agent(s) and or employee(s) withheld bonus(es) owed to Plaintiff, Ross Agency.

38.     In 2016, the Defendants, through its agent(s) and or employee(s) asked Plaintiff, Ross, if she would mentor the Baltimore Insurance Network.

---

[1] Defendants ceased making statements once they received notice of the pending investigation with the Maryland Insurance Administration.

39.     Mentors were chosen because of their high performance and acted as advisors and consultants to Erie and other insurance producers.

40.     In 2016, Plaintiff, Rosses', commissions were again reduced by the Defendants through its agent(s)and or employee(s).

41.     In January 2018, the Defendants began to impose additional constraints, requirements, and restrictions on Plaintiff, Rosses', underwriting authority, even if the prospective insureds qualified for underwriting.

42.     Those imposed additional constraints, requirements, and restrictions included, but not limited to, performing background checks, checking case search, verifying prospective insureds and site visits.

**Count I: Race Discrimination in Violation of 42 U.S.C. § 1881**

43.     The Plaintiffs incorporate the allegations contained in paragraphs one (1) through forty-two (42) as if fully set forth herein:

44.     Defendant, Marrion, is and was an employee and/or agent of the Defendants at all times relevant to this complaint.

45.     Defendant, Marrion, began to work for the Defendants in 2003.

46.     Defendant, Marrion, became the vice president and manager of the Silver Spring branch of the Defendants.

47.     Defendant, Marrion, continued the discriminatory practices of the Defendants that included, but not limited to, preventing Defendant, Ross Agency, from issuing single policies, required it to perform background checks on prospective insureds, had to verify answers, had to perform site checks of insured's home, and instructed her that insureds needed to purchase bundle policies.

7

48.     Defendant, Marion, and Defendants paid Plaintiffs, Ross and Ross Agency, reduced commissions without cause.

49.     Plaintiff, Ross, informed Defendant, Marrion, that her company (i.e. Ross Agency) would no longer comply with the additional requirements and restrictions (i.e. bundle policies) stated in paragraph forty-four (44) of this complaint in December 2019.

50.     After being notified of Plaintiffs' refusal to continue with the additional requirements and restrictions stated in paragraph forty-four (44) of this complaint Defendant, Marrion, notified the Plaintiffs via correspondence dated May 14, 2020, that her contract was being terminated.

51.     Plaintiff, Ross, is an African American.

52.     African Americans are a racial minority.

53.     Plaintiff, Ross Agency, is an insurance company incorporated under the laws of the State of Maryland and solely owned by Plaintiff, Ross.

54.     Defendant, Marrion, discriminated against the Plaintiffs based on their racial minority of being African American and an African American owned business.

55.     That, but for, the Plaintiffs being a member of a racial minority and a racial minority owned business Defendant, Marrion, would not have required the additional requirements and restrictions stated in paragraph forty-four (44) of this complaint before new policies could be underwritten.

56.     That, but for, the Plaintiffs being a member of a racial minority and a racial minority owned business Defendant, Marrion, would not have required the additional requirements and restrictions stated in paragraph forty-four (44) of this complaint before policies could be renewed.

57.     That, but for, the Plaintiffs being a member of a racial minority and a racial minority owned business Defendant, Marrion, would not have required the additional requirements and

restrictions stated in paragraph forty-four (44) of this complaint before new policies could be underwritten.

58.     That, but for, the Plaintiffs being a member of a racial minority and a racial minority owned business Defendant, Marrion, would not have rerouted the calls stated in paragraphs twenty-three (23) though twenty-six (26) of this complaint.

59.     That, but for, the Plaintiffs being a member of a racial minority and a racial minority owned business Defendant, Marrion, would not have reduced the Plaintiffs' commissions.

60.     That other Erie agents in the greater Baltimore area that are not racial minorities did not have the same additional requirements and restrictions when underwriting new policies.

61.     That other Erie agents in the greater Baltimore area that are not racial minorities did not have the same additional requirements and restrictions when renewing polices.

62.      That other Erie agents in the greater Baltimore area that are not racial minorities did not have their commissions reduced.

63.     The actions of Defendant, Marrion, hindered and prevented the Plaintiffs from enjoying the same rights to make and enforce contacts that their racial majority counterparts benefit from.

64.     Defendant, Marrion, acted with malice when he subjected the Plaintiffs to the averments in paragraphs twenty-three (23) though twenty-six (26) and forty-four (44) through forty-seven (47) of his complaint.

## Count II: Intentional Interference with Economic Relations

65.     The Plaintiffs incorporate the allegations contained in paragraphs one (1) through sixty-four (64) as if fully set forth herein:

9

66.     Defendant, Marrion, intentionally interfered with the Plaintiffs ability to engage with prospective insureds within the city of Baltimore, Maryland.

67.     Defendant, Marrion, willfully interfered with the Plaintiffs ability to engage with prospective insureds within the city of Baltimore, Maryland.

68.     Defendant, Marrion, interfered with the Plaintiffs ability to engage with prospective insureds within the city of Baltimore, Maryland because Defendants desire to reduce its footprint in the city of Baltimore, Maryland.

69.     Defendant, Marrion's, actions were calculated to cause damage to the Plaintiffs business, because the Defendants desire to reduce its footprint in the city of Baltimore.

70.     Defendants desire to reduce its footprint in the city of Baltimore has resulted in "insurance redlining."

71.     Insurance redlining occurs when an insurance producer refuses to underwrite an insurance policy to an individual that qualifies for underwriting, because of the geographical location of the individual seeking insurance.

72.      By interfering with the Plaintiffs' ability to issue new policies the Defendants would not have the burden of increasing its footprint in the city of Baltimore, Maryland.

73.     By interfering with the Plaintiffs' ability to issue new policies the Defendants would not have the burden of increasing its footprint in the city of Baltimore, Maryland.

74.     By interfering with the Plaintiffs' ability to renew policies the Defendants would not have the burden of increasing its footprint in the city of Baltimore, Maryland.

75.     Defendant, Marrion, had no right to interfere with the Plaintiffs' ability to renew insurance policies to those that qualified for underwriting.

76.     Defendant, Marrion, had no right to interfere with the Plaintiffs' ability to issue new insurance policies to those that qualified for underwriting.

77.     As a direct result of the actions of Defendant, Marrion's, action the Plaintiffs have suffered losses in revenue and profits.

### Count III: Respondeat Superior

78.     The Plaintiffs incorporate the allegations contained in paragraphs one (1) through seventy-seven (77) as if fully set forth herein:

79      Defendant, Marrion, at the time of the discriminatory actions he was an employee of Defendants.

80.     Defendant, Marrion, at the time of the discriminatory actions he was an agent of Defendants.

81.     Defendant, Marrion's, actions violated the rights of the Plaintiffs afforded them under the Civil Rights Act of 1866.

82.     Defendant, Marrion's, actions have caused the Plaintiffs undue mental grievance.

83.     Defendant, Marrion's, actions have caused the Plaintiffs great financial loss.

84.     Defendant, Marrion's, actions have caused the Plaintiffs loss of future income.

85.     Defendant, Marrion's, actions have cause loss of enjoyment of life.

86.     Defendant, Marrion, was the vice president and branch manager of the Defendants.

87.     As vice president and branch manager Defendant, Marrion's, responsibilities included, but not limited to, insurance claim processing (home, auto, life/health, etc.), marketing, auditing, loss prevention, underwriting, and managing contracts of Defendants' insurance producers.

88.     Defendant, Marrion, acted within the scope of his agency to the Defendants.

89.     Defendant, Marrion, acted within the scope of his employment with the Defendant.

90.     All defendants are jointly and severally liable for the actions of Defendant, Marrion.

WHEREFORE, theses premises considered the Plaintiffs pray:

A.      That this matter be tried by jury;

B.      That the Plaintiffs be awarded compensatory, actual, punitive, and statutory damage, to include interest (both pre and post), in excess of twenty-five million dollars ($25,000,000.00);

C.      That the defendants be jointly and severally liable;

D.      That leave to amend be granted to conform to the evidence produced at trial; and

E.      Any further relief this Court deems just and proper.


                                        Respectfully submitted,

                                        _____
                                        Jibril Brown, Esq. 18140
                                        The Law Office of Garland C. Hall, LLC
                                        7420 Baltimore-Annapolis Blvd.
                                        Glen Burnie, Maryland 21061
                                        410.787.0007 (Office)
                                        410.629.7110 (Facsimile)
                                        Jbrown@mdlawfirm.net
                                        Counsel for Plaintiffs