IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZERITA L. HOLLY-ROSS, et al.,          *

    Plaintiffs,                                    *

vs.                                                     *     Civil Action No.   1:22-cv-2868-JRR

                                                       *
ERIE INSURANCE EXCHANGE, et al.,
                                                       *
    Defendants.
                                                ******

**<u>MEMORANDUM ORDER</u>**

The court has before it Defendants' Motions for Attorney Fees at ECF Nos. 28 and 42.  The court has reviewed all submissions and determined that no hearing is necessary.  Local Rule 105.6 (D. Md. 2023).

Following considerable motions practice and argument on various matters at issue in the instant dispute, Defendants prevailed, and the court dismissed the case.  (ECF No. 37.)  Defendants' requests for fees are not based on a fee-shifting contract or statute.  Rather, Defendants implore the court to invoke its inherent authority to award fees where the non-prevailing party has brought or pursued the action in bad faith – or engaged in such vexatious, oppressive, wanton conduct that fees should be awarded as a punitive, corrective measure.

It is true that Plaintiffs' counsel did not comport himself as the court ordered or would have preferred a fair number of times in this action – a condition which caused the court no small amount of consternation from time to time.  But it is also true that Plaintiff's counsel never acted in bad faith or with a dark heart or purpose.  The court finds that Plaintiff's counsel meant to do good and well, and got beaten by his opponent.  The court also finds (as the court remarked during one off-record conference) that Defendants engaged in motions papers when often a phone call to opposing

counsel would have done the trick.  This is not to suggest that either choice is wrong or that one is better than another in all circumstances – lawyers make their choices given what they know and with their client's best interest in mind.  Likewise, however, when one has handily won a victory and elects to seek fees, the pathway is best not littered with overzealous court papers.

That Defendants spent money – and perhaps a good deal of it – to reach the very end they warned would result if Plaintiffs filed suit does not merit punishment – at least not in this instance.  The court appreciates fully that a lawsuit – even when one wins – can be frustrating, slow, expensive, and otherwise just a thoroughly terrible experience.  But sometimes you just take the win, count your blessings, and call it a day.

The motions are denied.

/S/

_____
Julie R. Rubin
United States District Judge

August 28, 2023